JOSEPH FINER, PLAINTIFF, v. GEORGE MILLER, DEFENDANT.

Decided March 17, 1927.

Conveyances—Breach of Covenant Against Encumbrances— Some Part of Property Occupied by One Who Claimed He Held Under a Debt of Grantor to Him—Held, an Encumbrance, and Judgment For Plaintiff.

On rule for new trial.

Before Justices PARKER, BLACK and CAMPBELL.

For the rule, *Peter Cohn.*

*Contra, Meyer Lobsenz.*

PER CURIAM.

The action was to recover damages for a breach of covenant against encumbrances in a deed. The jury returned a verdict in favor of the defendant and plaintiff has a rule to show cause why such verdict should not be set aside.

By deed dated April 26th, 1924, defendant conveyed to the plaintiff lands containing a two-family dwelling. At the time of the conveyance a portion of the second floor of the house was occupied by defendant's son. Prior to such conveyance the defendant has been unsuccessful in an action against his son in the District Court in which he sought to dispossess him for non-payment of rent. These facts were known to the plaintiff. After delivery of the deed plaintiff made demand on defendant's son for payment of rent which was refused because defendant's son claimed that he was in possession of the premises under an agreement with his father, who he claimed owed him $750, to occupy the apartment until such indebtedness was extinguished at the rate of $25 per month, or a period of thirty months after that such term had not yet expired.

Plaintiff then brought proceedings in ejectment against defendant's son, and shortly thereafter, and without such action being tried, compromised with the son by paying him $250 to vacate. The son vacated the premises and the agreed sum of $250 was paid him.

The suit in question was then brought against defendant and the plaintiff demanded as damages the sum of $250 paid to the son and an additional sum for attorney's fees in the ejectment proceedings.

The first ground urged is that the verdict is against the weight of the evidence.

This we do not find to be so.

Objection is made to the following portions of the charge of the trial court upon the ground that they are erroneous, viz.:

"So, that the first question that you must determine is: Has the defendant satisfied you by a fair preponderance of the evidence that an encumbrance on his property existed on April 26th, 1924, when the deed was executed and delivered * * * so, that is the primary question for your solution. Now, of course, if there was not encumbrance then he certainly could not recover the moneys he paid or any other sum, but if the encumbrance existed, and that is a condition precedent that he must first establish before he can recover any damages * * *. Summing the matter up then of just what you are to determine the first question for your determination is, did this encumbrance exist on the date of the delivery of this deed, April 26th, 1924, * * *. If the encumbrance did not exist then, of course, your verdict is no cause of action," and

"A phase of this question came up before the District Court according to the evidence in this case whereby in the summer of 1923 the father brought an action against the son to oust him for possession of this floor on the theory that he did not pay his rent and that issue was determined by the District Court, in favor of the son; but that conclusively determined as a matter of law only that at that time the son was entitled to possession and had paid his rent or was not indebted to Mr. Miller for the rent."

We can discover nothing erroneous in either of these excerpts.

The issue was whether the son was holding and occupying the apartment under the agreement that plaintiff contended for. If he was, the covenant against encumbrances was broken upon the delivery of the deed to plaintiff, otherwise not. The effect of the District Court judgment against the defendant was as the court charged. The proceeding there sought dispossession for the alleged non-payment of two months' rent, both of which months were long prior to the delivery of the deed by defendant to plaintiff.

The rule to show cause is discharged, with costs.